5 F.3d 543
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James ROWE, Defendant-Appellant.
 No. 91-50093.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1993.
Decided Sept. 2, 1993.
 
 Appeal from the United States District Court, for the Central District of California, D.C. No. CR-90-0575-WWW-2; David W. Williams, Senior District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before: KOZINSKI, SILER* and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Rowe was convicted for distribution of a substance containing cocaine base, in violation of 18 U.S.C. Sec. 841(a)(1). He raises three errors on appeal: (1) failure of the court to have portions of the trial testimony read to the jury, upon request; (2) denial of a new trial based on a Brady violation; and (3) denial of the defendant's motion for a continuance for an independent test of the seized drugs. For the reasons stated herein, the judgment of the district court will be affirmed.
 
 
 3
 During deliberations, the jury requested that portions of the testimony of DEA Agent Azzam be read. As the court reporter who had taken that testimony was on leave for another five days and the court determined that the notes of the reporter would be difficult for another reporter to read, the judge told the jury that it would have to depend upon its recollection of the testimony. "In general, rereading [of testimony] is disfavored because of the emphasis it places on specific testimony and the delay it causes in the trial." United States v. Nolan, 700 F.2d 479, 486 (9th Cir.), cert. denied, 462 U.S. 1123 (1983). The decision of the district court not to read the testimony is reviewed for abuse of discretion. United States v. Castillo, 866 F.2d 1071, 1084 (9th Cir.1988). We find no abuse of discretion by the district court under these circumstances.
 
 
 4
 Before trial, Rowe requested disclosure of informant Bolton's rap sheet. The case agent advised the prosecutor that there was none and this was verified by a negative computer check under the California Indexing Information (CII). Bolton testified that he had no criminal record. After trial was completed, it was discovered that Bolton had misdemeanor convictions in several municipal courts, for traffic violations, passing a check with nonsufficient funds, and burglary.
 
 
 5
 The defendant then filed a motion for a new trial, alleging a violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). Although, as the prosecution admits, it was under a duty to produce Bolton's criminal record, there has been no allegation that the government acted in bad faith by concealing any document which the U.S. Attorney possessed. Because the newly discovered evidence of the convictions was merely impeaching evidence and because Bolton's testimony was corroborated by the testimony of others, we find no abuse of discretion in the failure of the district court to grant a new trial. See United States v. Walgren, 855 F.2d 1417, 1428 (9th Cir.1989).
 
 
 6
 Finally, prior to trial, Rowe obtained an order allowing his chemist to analyze the seized drugs. However, because of a miscommunication between the DEA and Rowe's chemist, the substance was not provided to Rowe's counsel in time to test it before trial. Because the motion for a continuance was filed on the eve of trial, the court denied it, but left Rowe an opportunity to conduct the test after trial, in event of conviction. Nevertheless, Rowe did not move to examine the substance after trial. Therefore, inasmuch as he has not shown any prejudice by the failure to grant the continuance, we find no error. See United States v. Long, 706 F.2d 1044, 1053 (9th Cir.1983).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Eugene E..Siler, Jr., United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3